# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MIEHLICH, | CASE NO. 1:11-cv-01044-GBC (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| JAMES HARTLEY, et al., | (Doc. 1) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

## I. Procedural History

John Miehlich ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983. On June 23, 2011, Plaintiff filed the complaint which is presently before this Court. Doc. 1.

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the allegations of the complaint in question, and construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

### III. Plaintiff's Complaint

Plaintiff is currently a state prisoner at Avenal State Prison (ASP) in Avenal, California. The events central to Plaintiff's complaint occurred while he was at prisoner at ASP. Doc. 1. In the complaint, Plaintiff names the following defendants: 1) James Hartley (Warden at ASP); and 2) Larry Chavarria (Resource Manager at ASP). Doc. 1 at 2-3. Plaintiff seeks injunctive relief in addition to monetary, compensatory, and punitive damages. Doc. 1 at 3.

Plaintiff's allegations are as follows:

> I ordered a spiritual supply package from the approved vendor "Azure Green" in April 2010. The package was received by ASP on [June 8, 2010]. I was then harassed repeatedly by the main chaplain. Eventually I was told that the package was being returned to the vendor as the approval form was conveniently "lost." However, after many communications with "Azure Green," I have found that the package was never returned. It was also never forwarded to me.

Doc. 1 at 3.

### IV. Legal Standards and Analysis

#### A. Due Process

The Due Process Clause protects prisoners from being deprived of property without due

Case 1:11-cv-01044-GBC   Document 6   Filed 09/24/12   Page 3 of 6

1  process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected
2  interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However,
3  while an authorized, intentional deprivation of property is actionable under the Due Process Clause,
4  *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455
5  U.S. 422, 435-36 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor
6  unauthorized intentional deprivations of property by a state employee "constitute a violation of the
7  procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful
8  postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533. California provides such
9  a remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

10  Only an authorized, intentional deprivation of property is actionable under the Due Process
11  Clause. *Hudson*, 468 U.S. at 533.  An authorized deprivation is one carried out pursuant to
12  established state procedures, regulations, or statutes. *See Logan*, 455 U.S. at 436; *see also Knudson*
13  *v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987). Authorized deprivations of property are
14  permissible if carried out pursuant to a regulation that is reasonably related to a legitimate
15  penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). "An unauthorized intentional
16  deprivation of property by a state employee does not constitute a violation of the procedural
17  requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful
18  post-deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533. Thus, where the state
19  provides a meaningful post-deprivation remedy, only authorized, intentional deprivations constitute
20  actionable violations of the Due Process Clause. *Hudson*, 468 U.S. at 533.

21      **1.**    **Analysis**

22  Plaintiff alleges that Defendants illegally and negligently not delivered to Plaintiff. Doc. 1
23  at 3. Plaintiff's allegations of wrongful deprivation of his personal property does not support a
24  claim. Unauthorized, bad-faith behavior does not support a federal due process claim. *Hudson*, 468
25  U.S. at 533. Plaintiff fails to state a § 1983 claim for deprivation of his property. Plaintiff alleges
26  an unauthorized intentional or negligent deprivation of his property by a state employee. This is not
27  a violation of the Due Process Clause of the Fourteenth Amendment because California provides a
28  meaningful post-deprivation remedy for the loss. *Hudson*, 468 U.S. at 533; *Barnett*, 31 F.3d at 816-

3

17.

**B.     RLUIPA**

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1.  Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs.  *Warsoldier v. Woodford*, 418 F.3d 989, 994-95 (9th Cir. 2005).  If plaintiff meets his burden, defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest *and* the least restrictive means of furthering that compelling governmental interest." *Id.* (emphasis in original).  "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." *Id.*

    **1.     Analysis**

Plaintiff's vague allegations regarding his spiritual package and prison chaplain are insufficient to state a claim.  However, if Plaintiff believes that the prison staff's conduct violated RLUIPA, Plaintiff may amend his complaint.

**C.     Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,

within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### 1. Analysis

Although Plaintiff lists James Hartley and Larry Chavarria as Defendants, Plaintiff fails to link these defendants to any unconstitutional conduct. Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Ewing*, 588 F.3d at 1235, and as warden, Defendants Hartley may only be held liable if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

If Plaintiff chooses to amend, Plaintiff must link each named defendant to a specific action or omission which directly caused the alleged constitutional violation.

### V. Conclusions and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed June 23, 2011, is dismissed for failure to state a claim upon which relief may be granted;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   September 24, 2012

UNITED STATES MAGISTRATE JUDGE